902 F.2d 43
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary PALATINUS, as Administratrix, of the Estate of Anthony
C. Palatinus, deceased, Plaintiff-Petitioner,
v.
AMERICAN TELEPHONE & TELEGRAPH CORP., New York Telephone
Corp., Bell Telephone Labs, Inc., and AT & T
Technologies, Inc., Defendants/Cross-Petitioners.
 Misc. Nos. 271, 272.
 United States Court of Appeals, Federal Circuit.
 Dec. 4, 1989.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 American Telephone and Telegraph Corp., et al. (AT & T) and Mary Palatinus each petition for permission to appeal from the order certified for immediate appeal by the United States District Court for the Eastern District of New York.
 
 
 2
 Palatinus sued AT & T for infringement. AT & T moved for summary judgment on the grounds of unenforceability due to laches and equitable estoppel and on the ground of noninfringement. On June 27, 1989, the district court granted AT & T's motion for summary judgment on laches, but denied summary judgment on equitable estoppel and noninfringement. On November 7, 1989, the district court certified the order as one involving a controlling question of law as to which there is substantial ground for difference of opinion and to which an immediate appeal will materially advance the ultimate termination of the litigation.
 
 
 3
 It is necessary that a certified question "involve a clear-cut question of law against a background of determined and immutable facts." 9 Moore's Federal Practice p 110.22. The certified questions emanating from the denial of the motions for summary judgment, i.e., estoppel and noninfringement, clearly do not meet this criterion. The remaining question concerning laches also fails to satisfy the standard. Here, Palatinus' objection to the decision on laches goes more to the district court's application of the law than to the law itself. In view thereof, in our discretion, we decline to grant the petitions.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Palatinus' petition for permission to appeal is denied.
 
 
 6
 (2) AT & T's petition for permission to appeal is denied.